# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

September 14, 2022

<u>By ECF</u>

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *United States v. Mathew James*, 19 Cr. 382 (JS)

Dear Judge Seybert:

    We write on behalf of our client, Mathew James, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure ("Rule 29") for judgments of acquittal as to Counts One through Eight of the Indictment.[1] By this letter, Mr. James also renews his motion for acquittal presented to – and denied by – the Court at the close of the government's case in light of the evidence Mr. James subsequently introduced in his defense case. *See* July 11, 2022 Trial Tr. 2700:3–7; *see also United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997) ("To preserve the sufficiency issue and avoid the burden of showing plain error, a defendant must have moved for judgment of acquittal either at the close of all the evidence pursuant to Rule 29(a) or post-trial in a motion pursuant to Rule 29(c).").[2]

    A general motion for acquittal is enough for purposes of a Rule 29 motion. *See United States v. Schulte*, 578 F. Supp. 3d 596, 611 (S.D.N.Y. 2021) ("[S]pecificity is not required under Rule 29." (citation omitted)). When considering a Rule 29 motion, "[t]he Court must view the evidence in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014) (internal citations omitted). The question is whether a reasonable juror, drawing reasonable inferences, could have found the defendant guilty on each element beyond a reasonable doubt. *See United States v. Stewart*, 305 F. Supp. 2d 368, 376 (S.D.N.Y. 2004). In addition, "a conviction based on speculation and surmise alone cannot stand." *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994).

    Further, where a fact to be proved is also an element of the offense, "it is not enough that the inferences in the government's favor are permissible." *United States v. Pauling*, 924 F.3d 649, 657 (2d Cir. 2019) (citation and internal quotation marks omitted). Rather, the Court must

---

[1] Mr. James was acquitted in connection with Count Nine of the Indictment. *See* Dkt. No. 213.

[2] If the Court enters a judgment of acquittal, it should also conditionally determine that a new trial should be granted in the interests of justice if the Court's judgment of acquittal is later vacated or reversed. *See* Fed. R. Crim. P. 29(d)(1) ("If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed.").

grant the motion for acquittal if a reasonable jury could not have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) ("It would not satisfy the Constitution to have a jury determine that the defendant is probably guilty." (citation, internal quotation marks, emphasis, and alterations omitted)).

       The evidence submitted at Mr. James's trial was insufficient to establish beyond a reasonable doubt the elements of the offenses charged against him. Specifically, the evidence at trial was legally insufficient to sustain a conviction for: (i) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count One); (ii) health care fraud in violation of 18 U.S.C. § 1347 (Count Two); (iii) wire fraud in violation of 18 U.S.C. § 1343 (Counts Three, Four, and Five); and (iv) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Six, Seven, and Eight).

       In short, the government failed to establish beyond a reasonable doubt the requisite elements under any of the theories charged in the Indictment. Accordingly, Mr. James respectfully requests that the Court set aside the jury's verdict and enter judgments of acquittal.

       Respectfully submitted,

       KRIEGER KIM & LEWIN LLP

By: _____
       Paul M. Krieger
       Georgia V. Kostopoulos

cc:    All counsel of record (via ECF)